HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE HOPKINS AND CANDACE HOPKINS,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIFE RV AND AUTO CENTER, et al.,<br><br>    Defendants. | No. 16-5357<br><br>ORDER ON PLAINTIFFS' MOTION TO REMAND<br><br>Dkt. # 19 |

THIS MATTER is before the Court on Plaintiff Hopkins' Motion to Remand [Dkt. #19] this case to Pierce County Superior Court.

In March of 2015, the Hopkins purchased a 2014 travel trailer from Fife RV and Auto Center, complete with a one-year limited warranty. In addition, the Hopkins purchased a six-year service contract. After taking possession of the trailer, the Hopkins claim the trailer contained numerous manufacturing defects— paint scratches, water leaks, and electrical problems, among others. The Hopkins returned the trailer to Fife RV to repair these defects under the warranty agreement, but they were not satisfied with the repairs.

Order - 1

The Hopkins brought suit in Pierce County Superior Court against Fife RV, Dutchmen Manufacturing Inc.[1], and a number of other defendants involved in the sale of the travel trailer. They asserted eight state law claims, and two federal claims based on the Magnuson-Moss Warranty Act (MMWA).

Keystone RV Company timely removed this action based on the Court's 28 U.S.C. §1331 federal question subject matter jurisdiction over the Hopkins MMWA claims.

The Hopkins seek remand claiming their suit is predicated "primarily on state law", and that the MMWA claim does not "pre-empt" the state law claims.

## DISCUSSION

**A. Federal Question Jurisdiction**

Civil actions may be removed from state court to federal court if original jurisdiction exists in the federal court at the time the complaint is filed. 28 U.S.C. §1441(a). Federal question jurisdiction is proper when civil actions arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. The existence of federal question jurisdiction is typically determined by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L.Ed. 2d 318 (1987). Under the "well-pleaded complaint" rule, federal question jurisdiction is proper if a federal question appears on the face of a plaintiff's complaint. *Id.* at 10-11.

The Hopkins admit that two of the ten claims are predicated on federal law. (*See* Dkt. #19 p.3). Specifically, they assert distinct breaches of express and implied warranty claims under MMWA, 15 U.S.C. §2310(d). Nevertheless, the Hopkins claim that the removal was improper

---

[1] Keystone RV Company and its insurance company, American Bankers Insurance Company of Florida, claim that Dutchmen Manufacturing, Inc. was erroneously sued as the manufacturer of the travel trailer in this case. They assert they are the proper defendants.

because it is "based primarily on state law," and because the MMWA does not "preempt" their state law claims.

Both of these arguments are fundamentally flawed. The propriety of removal does not turn on whether an asserted federal claim "pre-empts" state law claims. And it does not weigh whether the claim is "based primarily on state law." These phrases bear no meaning in law or logic as they pertain to federal removal proceedings. There is simply no basis for remanding this properly removed case.

Although MMWA may be filed in state court (15 U.S.C. §2310(d)(1)(A)), nothing in the statute purports to prohibit removal of such a claim. Congress expressly authorized removal of federal claims 28 U.S.C. §1441(a). Fife RV removed based on the federal claims alleged in the Hopkins' complaint. This Court has original jurisdiction over the claims brought under the MMWA, and the removal was proper.

Hopkins' Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated this 22nd day of August, 2016.

Ronald B. Leighton
United States District Judge